IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH R. VEREBELYI,

    Plaintiff,

v.                                      Case No. 15-09456-CM

THE NICHOLS COMPANIES, INC., ET AL.,

    Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Joseph R. Verebelyi filed suit against defendants, the Nichols Companies, Inc. and Peak Methods, Inc. alleging a breach of contract and failure to pay compensation under K.S.A. § 44-314. This matter is now before the court on defendants' Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (Doc. 4). Defendants request a transfer of venue to the United States District Court for the Northern District of Oklahoma for the convenience of the parties and witnesses and in the interest of justice. For the following reasons, the court denies defendants' motion.

**I.    Legal Standard**

The federal statute governing transfer of venue provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ." 28. U.S.C. § 1404(a). Courts have great discretion to transfer a case pursuant to § 1404(a) based on an "individualized, case-by-case consideration of convenience and fairness." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). The court may consider the following factors when determining whether to transfer a case:

> Plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* The party requesting the transfer of venue "bears the burden of establishing that the existing forum is inconvenient." *Id.* at 1515. Plaintiff's choice of forum should not be disturbed "unless the balance is strongly in favor of the movant." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).

## II. Discussion

In support of their motion, defendants argue that three factors strongly support a transfer of venue: the accessibility of witnesses, the cost of making the necessary proof, and the applicable law governing the dispute. Defendants also argue the plaintiff's choice of forum should receive less deference because plaintiff does not reside in Kansas. Defendants, however, have failed to meet their burden of demonstrating that the factors strongly favor transfer of venue because the facts giving rise to the lawsuit have a material relation to Kansas, defendants have not met their burden of showing that their witnesses are inconvenienced by the venue being the District of Kansas, and federal judges are qualified to apply state law.

### A. Plaintiff's Choice of Forum

The plaintiff's choice of forum is normally afforded "great weight." *KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998). The plaintiff's choice of forum, however, receives less deference if the plaintiff does not reside in the district or "the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Emp'rs Mut.*, 618 F.3d at 1168.

Defendants state that plaintiff maintained a residence concurrently in Kansas and Arizona and split time equally between the states when he was an employee of defendant. And although plaintiff currently resides in Arizona and is no longer a Kansas resident, the facts giving rise to the lawsuit have a material relation or significant connection to Kansas. Plaintiff was physically working in Kansas during the time of his employment with defendants. Kansas state taxes were also taken out of his paychecks. This factor weighs against transferring the action. *Id.* (stating that the plaintiff's choice of forum receives less deference where the facts giving rise to the lawsuit have *no* material relation or significant connection to the plaintiff's chosen forum) (emphasis added).

### B. Accessibility of Witnesses

The Tenth Circuit has held that the convenience of both party and non-party witnesses is the most important factor in deciding a motion to transfer. *Id.* at 1169. To demonstrate inconvenience, the movant must "(1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *Id.* The distinction between party and non-party witnesses is critical because non-party witnesses cannot be compelled to testify if they reside outside the subpoena power of the court. *Berkel & Co. Contractors, Inc. v. Liberty Mut. Ins. Co.*, No. 15-9176-JAR, 2015 WL 9305646, at *3 (D. Kan. Dec. 21, 2015). The availability of non-party witnesses is an important consideration because "a defendant should not be forced to present a substantial portion of its case by deposition." *Id.* (citing *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) (stating that it would be unfair to force defendants to present a significant portion of their case by deposition.)).

In this case, defendants argue "all foreseeable witnesses with material information reside in Oklahoma." The party witnesses are also Oklahoma residents and the principal place of business for

both defendants is in Oklahoma. Defendants, however, have not shown, and the court will not presume, that out-of-state non-party witnesses will not voluntarily come to trial. This is especially true given the fact that two of the potential witnesses are the presidents of defendant companies and the other two potential witnesses are employed by defendants. *See Berkel*, 2015 WL 9305646, at *3. This factor weighs against transfer.

### C. Cost of Making Necessary Proof

Defendants point out that each of their potential witnesses will be burdened with more than 350 miles of travel if the venue is in Kansas and will incur more costs for meals, lodging, and travel. Plaintiff claims he has at least six witnesses located in Kansas or the Kansas City area. The Tenth Circuit, however, has held "merely shifting the inconvenience from one side to the other" is not justification for a change of venue. *Emp'rs Mut.*, 618 F.3d at 1167. This factor also weighs against transfer.

### D. Conflict of Laws and Questions of Local Law

In a diversity case, "courts prefer the action to be adjudicated by a court sitting in the state that provides the governing substantive law." *Id.* at 1169. When the case involves a "relative[ly] simpl[e]" legal issue, this factor receives less weight. *Id.* (citing *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) (noting that "the applicability of Florida law is not a significant concern in light of the relative simplicity of the legal issues involved in the common law fraud and breach of contract claims.")).

Defendants argue that the Northern District of Oklahoma is better situated to adjudicate the matter because the employment agreement designates that "Oklahoma and federal law" govern the terms. Plaintiff claims that although the contract may be interpreted under Oklahoma law, his employment rights are protected by Kansas statutes because he was a Kansas employee while working for defendants. Furthermore, Count II of the complaint exclusively involves a violation of a Kansas

statute. Defendants argue that because plaintiff's statutory claim depends on the resolution of the breach of contract claim—which is governed by Oklahoma and federal law—the case should be transferred to the Northern District of Oklahoma. However, because federal judges are qualified to apply state law and a breach of contract claim is a relatively simple legal issue, this factor is neutral to transfer. *Emp'rs Mut.*, 618 F.3d at 1169; see also *Berkel*, 2015 WL 9305646, at *5.

In sum, a transfer of venue is improper because defendants have failed to meet their burden of demonstrating that the factors strongly favor transferring the venue to the Northern District of Oklahoma.

**IT IS THEREFORE ORDERED** that defendants' Motion to Transfer Venue (Doc. 4) is denied.

Dated August 16, 2016, at Kansas City, Kansas.

                                                 s/ Carlos Murguia
                                                 **CARLOS MURGUIA**
                                                 **United States District Judge**